James D. Lipschultz, Esq. (CSB # 104642)
jlipschultz@landslawyers.com
**LAW OFFICE OF JAMES D. LIPSCHULTZ**
**A Professional Corporation**
12400 Wilshire Boulevard, Suite 920
Los Angeles, California 90025
Tel: 310-820-3311
Fax: 310-820-3320

Attorneys for Use-Plaintiff and Plaintiff
CALPORTLAND CONSTRUCTION

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA for the Use and Benefit of CALPORTLAND CONSTRUCTION, a California corporation; CALPORTLAND CONSTRUCTION, a California corporation<br><br>Use-Plaintiff and Plaintiff,<br><br>v.<br><br>BARA INFOWARE, INC., a California corporation; NORTH AMERICAN SPECIALTY INSURANCE COMPANY, a New Hampshire corporation; MANJINDER PAUL SINGH, an individual, aka M.P. SINGH,<br><br>Defendants. | Case No.<br><br>**COMPLAINT ON MILLER ACT PAYMENT BOND; FOR BREACH OF CONTRACT; ON COMMON COUNTS; ON PERSONAL GUARANTY** |

## GENERAL ALLEGATIONS

1. The jurisdiction of this Court is based upon and conferred by § 3133(b)(1) of Title 40 of the United States Code ( the "Miller Act").

1

342123

*COMPLAINT*

2. The venue of this action is proper in the United States District Court for the Northern District of California under 40 U.S.C. § 3133(b)(3), in that the contract which gives rise to this proceeding was performed in the Northern District of California.

3. Use-Plaintiff and Plaintiff CALPORTLAND CONSTRUCTION (hereinafter "Plaintiff" or "CALPORTLAND") is a California corporation with its principal place of business in Glendora, California, and is duly authorized to transact business in the State of California.

4. Plaintiff CALPORTLAND is informed and believes and based thereon alleges that Defendant BARA INFOWARE, INC. ("BARA") is a California corporation conducting business in the above-entitled District.

5. Plaintiff CALPORTLAND is informed and believes and based thereon alleges that Defendant NORTH AMERICAN SPECIALTY INSURANCE COMPANY ("NASIC") is a New Hampshire corporation conducting business in the above-entitled District.

6. Plaintiff CALPORTLAND is informed and believes and based thereon alleges that Defendant MANJINDER PAUL SINGH, an individual, also known as M.P. SINGH ("SINGH") is an individual conducting business in the above-entitled District.

///
///
///
///
///

2

COMPLAINT

# FIRST CLAIM FOR RELIEF

## (On Miller Act Payment Bond Against Defendants BARA and NASIC)

7. Plaintiff CALPORTLAND repeats by reference Paragraphs 1 through 6, inclusive, and incorporates said paragraphs herein as though set forth in full.

8. This Claim for Relief concerns the construction of a federal work of improvement known as the C-Dining Room Renovations, Fort Hunter Liggett, Jolon, California 93928 ("Project"). Plaintiff is informed and believes and based thereon alleges that said work of improvement is identified as United States Department of the Army Contract No. W912QR-14-C-0053. Plaintiff is further informed and believes and based thereon alleges that Defendant BARA was the general contractor for the construction of the Project.

9. Plaintiff CALPORTLAND is informed and believes and based thereon alleges that pursuant to 40 U.S.C. § 3131 et seq., BARA, as principal, and NASIC, as surety, executed and delivered to the United States Department of the Army a Payment Bond identified as Bond No. 2183635 ("Miller Act Bond"). By the terms of said Miller Act Bond, Defendants BARA and NASIC bound themselves to assume the payment of all claims of all persons supplying labor, materials, services and equipment to be used or consumed in the Project.

10. Between July 26, 2016 and August 29, 2016, Plaintiff CALPORTLAND provided goods and materials to Defendant BARA use in the construction of the Project. Defendant BARA has failed to make full payment to Plaintiff CALPORTLAND for said goods and materials.

///

COMPLAINT

11. Plaintiff CALPORTLAND has complied with all terms and conditions, if any, required pursuant to the terms of the Miller Act Bond.

12. Defendant BARA has failed to make full payment to Plaintiff CALPORTLAND for the goods and materials furnished by CALPORTLAND for use in the construction of the Project. As of the date of this Complaint, said Defendant BARA has failed and refused to pay the outstanding balance of $8,741.06.

13. By reason of the failure of all Defendants to pay Plaintiff CALPORTLAND as alleged above, and in accordance with the terms of the Miller Act Bond identified above, Defendant BARA has become indebted to Plaintiff CALPORTLAND in the sum of $8,741.06, together with interest at the maximum rate allowed by law according to proof, and attorney's fees and costs of suit.

## SECOND CLAIM FOR RELIEF
### (For Breach of Written Contract Against Defendant BARA)

14. Plaintiff CALPORTLAND repeats by reference Paragraphs 1 through 10, inclusive, and incorporates said paragraphs herein as though set forth in full.

15. On or about January 31, 2013, Defendant BARA submitted to Plaintiff an executed written agreement (hereinafter referred to as the "Credit Application") whereby said Defendant requested that Plaintiff establish a credit account for Defendant to permit Plaintiff to sell goods and materials to said Defendant at Defendant's request on a credit basis. Said Credit Application was accepted by Plaintiff CALPORTLAND.

16. Thereafter, pursuant to the terms of the Credit Application and the credit account, Plaintiff CALPORTLAND sold goods and materials to Defendant BARA on a credit basis. In consideration therefore, Defendant agreed to pay Plaintiff the agreed price for said goods and materials upon receipt of an invoice from Plaintiff, in accordance with the terms and conditions of the Credit Application.

17. On or about September 10, 2016 and continuing thereafter, Defendant BARA breached the terms of the Credit Application by failing and refusing to make full payment to Plaintiff for the goods and materials provided pursuant thereto.

18. Plaintiff has fully performed all its obligations with respect to the Credit Application, except those waived, excused and/or prevented by Defendant's breach of contract. As a result of said Defendant's breach of contract, Plaintiff has been damaged in the sum of $8,741.06, together with interest thereon at the maximum rate allowed by law from and after September 10, 2016.

19. The Credit Application contains a valid attorney's fee provision between the Plaintiff and Defendant. Plaintiff has been forced to retain the undersigned firm of attorneys in connection with this matter, and has incurred and will continue to incur attorneys' fees as a result of Defendant's breach of Credit Application. Such fees are recoverable from Defendant pursuant to the Credit Application.

### THIRD CLAIM FOR RELIEF
### (For Goods and Materials Furnished Against Defendant BARA)

20. Plaintiff CALPORTLAND repeats by reference paragraphs 1 through 10, inclusive, and paragraphs 15 through 19, inclusive, and incorporates said

paragraphs herein as though set forth in full.

21.  Within the past two years, Defendant BARA became indebted to Plaintiff for the reasonable value of goods and materials furnished by Plaintiff to said Defendant at said Defendant's request.

22.  There is now due, owing and unpaid to Plaintiff from said Defendant for said goods and materials, the sum of $8,741.06 together with interest thereon at the maximum rate allowed by law from and after September 10, 2016.

## FOURTH CLAIM FOR RELIEF
## (Upon an Open Book Account Against Defendant BARA)

23.  Plaintiff CALPORTLAND repeats by reference Paragraphs 1 through 10, inclusive, and paragraphs 15 through 19, inclusive, and incorporates said paragraphs herein as though set forth in full.

24.  Within the past four years, Plaintiff provided goods and materials to Defendant BARA at its request, upon an open book account. The reasonable value of the goods and materials provided to said Defendant which remains due and owing is $8,741.06.

25.  Based on the foregoing, Plaintiff is entitled to the amount of $8,741.06, together with interest at the maximum legal rate from and after September 10, 2016.

///
///
///

COMPLAINT

342123

LAW OFFICE OF JAMES D. LIPSCHULTZ

## FIFTH CLAIM FOR RELIEF

### (On an Account Stated Against Defendant BARA)

26. Plaintiff CALPORTLAND repeats by reference Paragraphs 1 through 10, inclusive, and paragraphs 15 through 19, inclusive, and incorporates said paragraphs herein as though set forth in full.

27. Within the past four years, an account was stated between Plaintiff and Defendant BARA, whereby it was agreed that Defendant was indebted to Plaintiff in the sum of $8,741.06 for materials sold by Plaintiff to said Defendant.

28. No part of this amount has been paid, and there remains due and owing to Plaintiff the sum of $8,741.06, together with interest at the maximum legal rate from and after September 10, 2016, for materials sold by Plaintiff to said Defendant.

## SIXTH CLAIM FOR RELIEF

### (On Personal Guaranty Against Defendant SINGH)

29. Plaintiff CALPORTLAND repeats by reference Paragraphs 1 through 10, inclusive, and paragraphs 15 through 28, inclusive, and incorporates said paragraphs herein as though set forth in full.

30. On or about January 31, 2013, a Personal Guaranty was executed by Defendant SINGH in favor of Plaintiff, pursuant to which said Defendant personally guaranteed the payment of any and all goods and materials provided by Plaintiff to Defendant BARA.

31. Plaintiff has performed all terms and conditions of the Personal Guaranty except as it has been prevented or excused from performing by the acts of Defendant herein.

32. On or after September 10, 2016, Defendant SINGH breached the Personal Guaranty by failing to pay Plaintiff for the goods and materials which it provided to Defendant BARA.

33. As a result of said Defendant's breach of the Personal Guaranty, Plaintiff has been damaged in the sum of $8,741.06, together with interest thereon at the maximum rate allowed by law from and after September 10, 2016.

WHEREFORE, Plaintiff CALPORTLAND prays for judgment against Defendants, and each of them, as follows:

### ON THE CLAIM FOR RELIEF AGAINST BARA AND NASIC

1. For the principal sum of $8,741.06, together with interest thereon at the maximum rate allowed by law from and after September 10, 2016;

2. For costs of suit incurred herein; and

3. For such other and further relief as the Court deems just and proper.

### ON THE CLAIMS FOR RELIEF AGAINST BARA, NASIC AND SINGH

1. For the principal sum of $8,741.06, together with interest thereon at the

maximum rate allowed by law from and after September 10, 2016

2. For reasonable attorney's fees;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.

DATED: June 14, 2017

LAW OFFICE OF JAMES D. LIPSCHULTZ
A Professional Corporation

By: /s/James D. Lipschultz
James D. Lipschultz
Attorneys for Use-Plaintiff and Plaintiff
CALPORTLAND CONSTRUCTION